UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMIE HILL-SPOTSWOOD and ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MARY MAYHEW, in her official capacity ) | **Docket No. 2:14-cv-** |
| as Commissioner, State of Maine Department of ) | |
| Health and Human Services and STATE OF ) | |
| MAINE DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES , ) | |
| ) | |
|    Defendants ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff in the above-entitled matter and state as follows:

**Nature of Action**

This is a civil rights action arising out of unconscionable conduct on the part of Riverview Psychiatric Center ("Riverview"), part of the Department of Health and Human Services ("DHHS").   DHHS placed Jamie Hill-Spotswood, a pregnant Mental Health Worker at Riverview, on a floor populated by individuals known to be very, very violent, known to have attacked and/or threatened other workers and patients with violence on numerous occasions, without putting into place a reasonable plan for the security of employees like Jamie Hill-Spotswood.  So, predictably, when Mark Murphy, a known violent individual, decided to become violent yet again, DHHS provided the lamb for the slaughter, and enabled – *by its inexcusable failure to protect employees from foreseeable and grave danger* -- Mr. Murphy to stab her repeatedly in the hand and face.

DHHS created a dangerous situation.  DHHS placed Plaintiff into that situation and failed to protect her.  DHHS's conduct is "conscience shocking" as a matter of fact and law.

## Parties

1. Plaintiff Jamie Hill-Spotswood is a resident of Augusta, Kennebec County, State of Maine.

2. Defendant Mary Mayhew was, at all relevant times, the acting Commissioner of Maine's Department of Health and Human Services.

3. Defendant State of Maine, Department of Health and Human Services, is an agency of the State of Maine.

## Subject Matter Jurisdiction

4. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

5. This Court has jurisdiction of this cause under and by virtue of 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

## Personal Jurisdiction

6. This Honorable Court wields jurisdiction over each of the Defendants named herein pursuant to 14 M.R.S.A. §704-A in that each of the Defendants is domiciled in the State of Maine.

## Venue

7. Venue is properly laid before this Honorable Court pursuant to 28 U.S.C. § 1391 and Rule 9(a) of the rules of the United States District Court for the District of Maine in that all of the acts complained of occurred in the southern half of the State of Maine.

## Common Nucleus of Operative Fact

8. On March 16, 2013, Ms. Hill-Spotswood was working as a Mental Health Worker at Riverview.

9. Riverview was then and is now, part of Maine's DHHS.

10. Ms. Hill-Spotswood was employed by Maine's DHHS on March 16, 2013.

11. Riverview, as of March 16, 2013, was the only medical center in the State of Maine which accepted individuals who had been declared Not Guilty by Reason of Insanity ("NGRI"), who needed to placed in a secure, therapeutic environment until they could function in society, until they were no longer "insane."

12. Mark P. Murphy was one such individual.

13. Mr. Murphy had been found NGRI in 2006 and placed at Riverview.

14. Mr. Murphy had engaged in violence and threatened violence many times before he came to Riverview in 2006.

15. Riverview was well aware of Mr. Murphy's history of violence.

16. From 2006 to March 16, 2013, Mr. Murphy attacked several other patients and employees.

17. On information and belief, a report published by DHHS/Riverview in April, 2007 indicated that within six weeks of Mr. Murphy's arrival at Riverview, "he had committed three assaults on staff members, the third was nearly fatal." *See* http://www.kjonline.com/news/Riverview-ballpoint-pen-attack-stopped-by-patient.html

18. On information and belief, court records also reflect that on October 9, 2007, Mr. Murphy assaulted another patient with a fork. *Id*.

19. From 2006 to March 16, 2013, Mr. Murphy threatened several other patients and employees with violence.

20. As of March 16, 2013, Riverview had never disclosed to Ms. Hill-Spotswood, or any other employees of Riverview, upon information and belief, Mr. Murphy's prolific history of violence.

21. As of March 16, 2013, Riverview had not taken reasonable security measures to protect Ms. Hill-Spotswood and others from Mr. Murphy.

22. As of March 16, 2013, there was no security on the floor where Ms. Hill-Spotswood worked with Mr. Murphy.

23. As of March 16, 2013, Defendants had not given Ms. Hill-Spotswood adequate training in how to defend herself against violent patients.

24. As of March 16, 2013, Defendants had not provided Ms. Hill-Spotswood with any weapons or other tools with which to fend off attacks from patients.

25. As of March 16, 2013, Ms. Hill-Spotswood was approximately 18 weeks pregnant.

26. Less than a week before March 16, 2013, Ms. Hill-Spotswood approached the Assistant Director of Nursing at Riverview, Roland Pushard, told him she was pregnant, and that she felt unsafe in that particular environment of patients.

27. Mr. Pushard assured her that he would "take care of it. No big deal."

28. Mr. Pushard did not take care of it.

29. Defendants did not take care of it.

30. Ms. Hill-Spotswood was left on the floor with violent patients, including Mark Murphy.

31. On information and belief neither Mr. Pushard, nor any other employee of Defendants took any action whatsoever following Ms. Hill-Spotswood's request to be moved away

from this dangerous floor, in terms of providing adequate security measures for Ms. Hill-Spotswood or other similarly situated workers.

32. On March 16, 2013, Mr. Murphy was able to use a pen which he had somehow secured as contraband, under DHHS's watch, and stab Ms. Hill-Spotswood repeatedly, leaving her disfigured and emotionally damaged.

33. This attack by Mr. Murphy was foreseeable.

34. This attack by Mr. Murphy was inevitable.

35. On information and belief, as of March 16, 2013 Riverview/DHHS was not meeting federal standards, including but not limited to staffing and security. *See* http://www.kjonline.com/news/Lawmakers_criticize_Riverview_official_.html

36. Had Riverview/DHHS met federal standards for staffing and security on March 16, 2013, the assault on Ms. Hill-Spotswood would not have occurred.

37. This attack by Mr. Murphy could easily have been prevented had DHHS taken reasonable security measures to prevent foreseeable, grave harm to be visited upon its employees, like Ms. Hill-Spotswood.

38. DHHS's conduct, in creating a dangerous situation, placing Ms. Hill-Spotswood directly into that dangerous situation, and failing to protect her from the grave danger it created violates her civil rights and shocks the conscience.

39. Plaintiff hereby demands a trial by jury.

### Count I: 42 U.S.C. §1983 Violation: State Created Danger

40. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

41. As indicated above, Defendants, under color of state law, subjected Ms. Hill-Spotswood to a deprivation of her constitutional rights, specifically her clearly established rights to

  (1) bodily integrity, and (2) to substantive due process, protected by the United States Constitution and Federal Law.

42. Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Ms. Hill-Spotswood.

  WHEREFORE, Ms. Hill-Spotswood requests that this Honorable Court (1) enter judgment for Ms. Hill-Spotswood in an amount that fully and completely compensates her for the injuries she has sustained, (2) award Ms. Hill-Spotswood attorney's fees and costs pursuant to 42 U.S.C. § 1983, and (3) award such other and further relief as this Honorable Court deems just and proper.

Dated: 5/19/2014                  /s/ Michael J. Waxman
                                  Attorney for Plaintiff
                                  Jamie Hill-Spotswood

Spotswood.complaint